UNION BUS COMPANY, a Corp., v. M. I. BOWEN.

184 So. 17.
Opinion Filed October 14, 1938.

*Milam, McIlvaine & Milam,* for Plaintiff in Error.

*Gordon McCauley* and *Rogers, Hazard & Thames,* for Defendant in Error.

258

264

268

PER CURIAM.—This writ of error was taken to a judgment awarding damages for personal injuries to plaintiff and damage to his ahtomobile in a collision with a passenger bus on the public highway about nine o'clock at night, it being stormy and dark.

, The declaration charged negligence in operating the bus which proximately caused the injuries. Trial was had on pleas of not guilty and contributory negligence. Verdict and judgment awarded plaintiff $10,000.00 damages, the personal injuries being very serious and painful.

The evidence sustains a finding in returning a verdict for the plaintiff, that as a severe wind storm with rain was receding, the bus containing passengers was going west at a speed of thirty or thirty-five miles per hour; that the driver, when about fifty or seventy-five feet from it, saw an obstruction which was a large tree lying across the road, the top branches of the tree being on the south side of the road; that the driver did not stop the bus as he approached the obstacle in the road, but turned to the left side of the road, and continuing to travel, passed through the branches of the tree, breaking some of them, one clinging to the front of the bus; that after passing through the bushy top of the tree on the left hand side of the road, the bus collided head on with an automobile, which, going east, had approached the obstruction, and the driver of the car, seeing the head lights of the bus coming towards him, was in the act of backing away from the obstruction when the collision occurred; that the driver of the car, plaintiff here, was seriously injured and the car greatly damaged. (See quotation from the testimony as set out in the statement filed herewith.)

In rendering the verdict, the jury was justified in finding from the evidence that the circumstances of storm and darkness required of the bus driver the exercise of due and

reasonable care as to speed of travel and caution which the law makes it a duty to exercise under such conditions of storm and darkness when carrying passengers on a public highway which others had a right also to use in going in opposite directions; that the speed of the bus should have been so regulated that when the driver of the bus saw the ominous obstruction in the road when the bus was about fifty or seventy-five feet from it, his duty was to have been traveling at a safe speed and to have at once gotten the bus under control to stop quickly if necessary or proper to avoid danger; and that whether he saw the lights of the approaching car through the branches of the tree on the road or not, under the unusual and obvious circumstances attending the storm and darkness, it was negligence to have attempted to pass on the left or south side of the road through the top branches of the tree lying across the road, without taking the reasonable precaution of a prudent and careful man as required by the law to ascertain whether it could be done without endangering the safety of the passengers in the bus, and without injuring any one lawfully on the the left side of the road or approaching from the opposite direction. The lights of the bus were shining on the plaintiff in his car as the bus passed through the top branches of the tree and then, proceeding on the left side of the road, collided with plaintiff's car. The branches of the tree top that lodged against the windshield of the bus as it passed through the tree top on the left side of the road, obscured or interfered with front vision from the driver's seat, which should have prompted the driver to stop the bus without delay to avoid further dangers.

The transcript of the record shows that the defendant requested seven distinct and separate charges, "but the court refused to give said charges as requested, and noted exception for the defendant." This is not an exception to

each of such refused charges; but as some of them are made separate assignments of error, and they have been argued by counsel for both parties, the refused charges so assigned as error will be considered with the questions presented for decision. Such refused charges assigned as error are as follows:

"3. The Court charges you that a person driving on a public highway has a right to presume and to act upon the presumption that the way is safe for ordinary travel even at night, and he is not required to be on the lookout for extraordinary dangers or obstructions to which his attention has not been called.

"4. The general rule that it is the duty of the driver of an automobile to maintain a speed sufficiently slow and to have such control of his car that he 'can stop within the distance in which he can plainly see an obstruction or danger ahead does not apply to a case where a dangerous situation which the driver of the automobile had no reason to expect suddenly appeared in front of the car.

"5. This Court charges you that it is unlawful under the Statutes of this State to stop any motor vehicle on the public roads for either convenience or repair, but in all cases, where possible to do so, shall turn off the road to the right, and the left wheel nearest the center of the paving shall not be more than one foot on the side of the paving; if therefore you find that the plaintiff violated this law and that such violation contributed to the injury complained of, it is then your duty to find for the defendant. * * *

"7. The Court charges you that the party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. 'The last clear chance doctrine' operates in favor of the defendant if the plaintiff should have dis-

covered the defendant's negligence, if you find the defendant was negligent, in time to avoid its consequences and fails to do so. If you find from the evidence in this case that the plaintiff, M. I. Bowen, saw or could have seen by the exercise of reasonable care under the circumstances that the collision was about to occur and that the plaintiff, M. I. Bowen, by the exercise of reasonable care under the circumstances in which he was placed could have avoided the injury, and that the plaintiff, M. I. Bowen, did fail to exercise reasonable care under those circumstances to avoid the collision, you are then warranted in finding that the plaintiff, M. I. Bowen, had the last clear chance of avoiding the accident, notwithstanding the negligence, if any, of the defendant. If then you find that the plaintiff, M. I. Bowen, did have such a last clear chance, it is your duty to find for the defendant."

Requested charge No. 3 was properly refused because the conditions arising or resulting from the impending storm that were obvious or that reasonably should have been anticipated, viz.: the falling of nearby trees on the road to obstruct the road and endanger passengers in transit and the approach of vehicles from the opposite direction, required in reason more than the usual or customary care. The charges given by the court covered the substance of the requested charge and were appropriate to the evidence adduced.

Requested charge No. 4 was effectively covered by the charges given, which were entirely fair under the evidence. See paragraphs 3, 4, 5, 6 and 7 of the charges given which appear in the statement.

Requested charge No. 5 has no proper basis in the evidence, since there is no showing that plaintiff stopped his car on the road for convenience or repair; but the evidence shows the plaintiff was on his, the south, side of the road,

had just arrived at the obstruction, and was endeavoring to back away from the bus which was approaching through the tree top from the east on the south side of the road when the collision occurred. The evidence does not show that the driver of the bus was justified in passing through the tree top and proceeding east on the left side of the road. The evidence shows that the driver reasonably could and should have stopped the bus before it struck plaintiff's car, after he saw the obstruction fifty or seventy-five feet before reaching it, and before the bus had passed through the tree top and beyond on the left side of the road going west.

Requested charge No. 7 was not applicable to the evidence, since the last clear chance doctrine cannot be applied against the plaintiff in this case when the evidence shows the plaintiff had a right to be on the road, had stopped at the obstruction, and was endeavoring to back his car to avoid a collision that was caused by the negligence of the bus driver in passing through the tree top on the wrong side of the road when he had first seen an obstruction in the road fifty or seventy-five feet from it and reasonably should have stopped the bus before it crossed to the left side of the road and passed through the tree branches on the left side of the road, and continued forward until the collision with plaintiff's car which the evidence shows must have been more than twenty feet west of the tree obstruction of the road and on the south side of the road. There was no evidence of negligence of the plaintiff. Davies v. Mann, 10 M. & W. 546, 152 Reprint 588, 19 E. R. C. 190; 11 C. J. 281 and notes.

The sixth and seventh assignments of error are:

The Court erred "6. In its charge to the jury in the matter of damages to the plaintiff in giving the following charge: 'In arriving at that compensation, you are entitled to take into consideration such bodily pain and anguish as he

has suffered and will continue to suffer by reason of such bodily injury; and the loss of time, and incapacity to follow his usual occupation which he has and will sustain on account of such injury; * * *" In giving this charge, the Court failed to charge the jury to limit such compensation to the future pain and suffering and loss 'of earning capacity '* * * *as the evidence* shows the party is reasonably certain to endure as a result of the injury.'

"7. In charging the jury as follows: 'He must so drive that he can and will discover an object and perform the manual acts necessary to stop, and bring the car to a full stop within such range.' The Court erred in giving such charge in failing to make an exception in the case of a sudden and unforeseen emergency or obstruction of the road which would not be and was not reasonably apprehended by the driver on such road."

The last quoted charge is not error considering other charges given and the evidence.

The charges were legally sufficient to advise the jury that the verdict must be formed from the evidence adduced, and that conjectural damages should not be allowed; and if the defendant desired more specific or elaborate charges in the premises, it could have requested that they be submitted. No such requests appear to have been made.

The charge of the court sufficiently indicated to the jury that their verdict must be predicated upon the evidence adduced; and the expert and other testimony in the record clearly shows that the serious injuries to plaintiff had caused great and long continued pain and suffering which would very probably continue, though not so severe as in the past. The nature of the injuries and their natural consequences, as shown by the evidence, would naturally cause a loss of activity and most probably loss of earning capacity

as well as physical pain for a long period of time. This is shown by the record, and there is nothing to indicate that the verdict for the plaintiff or the amount thereof was arrived at by conjecture or speculation, or by anything outside the evidence. The damage to the automobile was considerable. It cannot fairly be said on this record that the amount of the judgment is excessive or that it was improperly arrived at by the jury. See Winter Park Tel. Co. v. Strong, 130 Fla. 755, 179 So. 289.

The judgment is affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.